UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORENZO VILLALPANDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, LORENZO VILLALPANDO (Plaintiff), through AGRUSS LAW FIRM, LLC, alleges the following against Defendant, GC SERVICES LP., (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

### PARTIES

5. Plaintiff is a natural person residing in the Cicero, Cook County, Illinois.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

1

7. Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Houston, Harris County, Texas.

11. Defendant is a business entity engaged in the collection of debt within the State of Illinois.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

16. Defendant is attempting to collect a consumer debt from Plaintiff, Defendant's file number: 4204943.

17. Defendant calls Plaintiff on Plaintiff's home telephone number at 708-652-0794 in an attempt to collect a debt.

18. Defendant calls Plaintiff from 866-749-7279.

19. Defendant calls and leaves voicemail messages asking to be called back at 866-749-

7279.

20. 866-749-7279 is a telephone number belonging to Defendant.

21. Defendant first called Plaintiff more than two years ago.

22. Plaintiff has repeatedly told Defendant that Plaintiff is not the debtor, and Plaintiff requested that Defendant stop calling Plaintiff.

23. Plaintiff believes the alleged debtor that Defendant is trying to contact lives on a parallel street.

24. Plaintiff believes the alleged debtor lives on 61st Court.

25. Plaintiff believes the alleged debtor's name is Benito Loconsole.

26. Plaintiff lives on 61st Avenue.

27. Over the last two years, Plaintiff has spoken with Defendant on at least six occasions.

28. Plaintiff has explained on each occasion to the Defendant that the Plaintiff is not the alleged debtor, and that the alleged debtor lives around the corner.

29. Plaintiff has asked Defendant on each occasion to stop calling Plaintiff.

30. Despite Plaintiff's requests, Defendant continues to call Plaintiff in an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or

engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

WHEREFORE, Plaintiff, LORENZO VILLALPANDO, respectfully requests judgment be entered against Defendant, GC SERVICES LP., for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

34. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

November 27, 2012         By: /s/ Michael S. Agruss
                              Michael S. Agruss
                              Agruss Law Firm, LLC
                              22 W. Washington Street
                              Suite 1500
                              Chicago, IL 60602
                              Tel: 312-224-4695
                              Fax: 312-253-4451
                              michael@agrusslawfirm.com
                              Attorney for Plaintiff